UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS, | No. 2:21-cv-0153 TLN AC P |
| Plaintiff, | |
| v. | ORDER |
| L. ZARAGOZA, et al., | |
| Defendants. | |

Plaintiff, a former state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. See ECF No. 2. The matter has been referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. The undersigned previously issued Findings and Recommendations ("F&Rs") regarding plaintiff's application to proceed in forma pauperis. ECF No. 10. Plaintiff has filed objections to the F&Rs. ECF No. 11.

For the reasons stated below, the court will vacate the outstanding F&Rs. In addition, plaintiff will be directed to fill out and return a non-prisoner in forma pauperis application.

I.  RELEVANT HISTORY

When plaintiff filed his IFP application in January 2021, he was incarcerated at Deuel Vocational Institute ("DVI"). ECF No. 2 at 1. He was still at DVI when he filed the First Amended Complaint. ECF No. 6 at 1. Since then plaintiff has filed several change of address

notices, most recently in August 2022.  ECF No. 9.  The address on that notice is not for a state prison.

On November 2, 2022, the court screened the FAC and determined that plaintiff was a three strikes litigant within the meaning of 28 U.S.C. § 1915(g).  ECF No. 10.  Accordingly, the court refrained from conducting a substantive review of the FAC, and instead recommended that plaintiff's in forma pauperis application be denied and that plaintiff be ordered to pay the filing fees prior to proceeding further with this action.  Id. at 2-6.  Though difficult to read and understand, the plaintiff's objections appear to contest the findings regarding imminent danger as they relate to the court's three strikes analysis.  The objections also state that plaintiff been released on parole.  Id. at 1.

II. DISCUSSION

A. Applicable Law

A plaintiff who is released from prison is no longer a prisoner for purposes of Section 1915(g), the three strikes rule.  See Moore v. Maricopa County Sheriff's Office, 657 F.3d 890, 892, 893 n.3 (9th Cir. 2011) (Section 1915(g) not applicable to plaintiff released from prison on parole and emphasizing court should reconsider anew any in forma pauperis application in case where district court erred in dismissing case).  Upon release from prison, a former inmate must be allowed to apply to proceed under general in forma pauperis provisions of 28 U.S.C. § 1915(a)(1).  See DeBlasio v. Gilmore, 315 F.3d 396, 399 (4th Cir. 2003); In re Prison Litigation Reform Act, 105 F.3d 1131, 1139 (6th Cir. 1997) (upon release, obligation to pay remainder of fees to be determined solely on question of whether individual qualifies for pauper status).  A released prisoner may proceed in forma pauperis upon satisfying the poverty provisions applicable to non-prisoners.  McGann v. Comm'r, Soc. Sec. Admin., 96 F.3d 29, 30 (2d Cir. 1996).

B. Analysis

Plaintiff reports that he has been released on parole.  ECF No. 11 at 1.  A search of the CDCR website for plaintiff via his inmate identification number indicates that he is no longer in its system.  See https://inmatelocator.cdcr.ca.gov/search.aspx (search CDCR Number field for

"AG2394" (last visited December 1, 2022).  The court takes judicial notice of this fact. Accordingly, plaintiff is no longer a prisoner within the meaning of the Prison Litigation Reform Act and Section 1915(g), and it is no longer applicable to him.  See 42 U.S.C. § 1997e(h) (defining "prisoner" as "any person incarcerated . . . in any facility who is . . . convicted of . . . violations of criminal law."); Page v. Torrey, 210 F.3d 1136, 1139 (2000) (referencing 42 U.S.C. § 1997e(h) for definition of "prisoner"); see generally Jackson v. Fong, 870 F.3d 928, 931 (9th Cir. 2017) (a plaintiff not in custody when filing amended operative complaint is not a prisoner subject to PLRA exhaustion defense).

A prisoner's application to proceed in forma pauperis does not become moot upon subsequent release.  Moore, 657 F.3d at 892 n.2.  Because plaintiff is no longer a prisoner, however, he must be given the opportunity to file a non-prisoner in forma pauperis application. See generally McGann, 96 F.3d at 30.  Once it has been filed, the court will consider it anew.  See Moore, 657 F.3d at 893 n.3; see, e.g., Sierra v. Director for Dep't of Corr. and Rehab., 846 F. App'x 545, 546 (9th Cir. 2021) (citing Moore and stating Section 1915(g) no longer applied to plaintiff released from prison while appeal was pending and that any in forma pauperis application should be reconsidered anew).

For these reasons, the court will vacate the pending recommendation that plaintiff be required to pay the filing fees in full prior to proceeding further with this matter.  In addition, plaintiff will be given the opportunity to file a new in forma pauperis application for non-prisoners.  If plaintiff is granted leave to proceed in forma pauperis, the court will conduct a substantive review of the claims in plaintiff's FAC at that time.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall send plaintiff a copy of the court's in forma pauperis application form for non-prisoners;

2. The Findings and Recommendations issued November 2, 2022 (ECF No. 10), are VACATED; and

////

////

3.   Within thirty days of this order, plaintiff shall fully complete and return the application to proceed in forma pauperis by a non-prisoner in compliance with 28 U.S.C. 1915(a)(1).

DATED: December 5, 2022

_Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE