UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS, | No.  2:21-cv-0153 TLN AC P |
| Plaintiff, | |
| v. | ORDER |
| L. ZARAGOZA, et al., | |
| Defendants. | |

    Plaintiff, a former prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  ECF Nos. 1 (original complaint), 6 (first amended complaint ("FAC")).  Plaintiff has also filed applications to proceed in forma pauperis as well as a request to participate in the court's Alternative Dispute Resolution Program ("ADR Program").  ECF Nos. 13, 15, 16.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    For the reasons stated below, plaintiff's earlier-filed in forma pauperis application (ECF No. 13) will be disregarded as improperly filed, and plaintiff's later-filed application to proceed in forma pauperis by a non-prisoner (ECF No. 16) will be granted.  In addition, plaintiff's request to participate in the court's ADR Program will be denied as premature.  Finally, plaintiff will be given the opportunity either to amend the FAC or to proceed on the viable claims as identified herein.

1

I.   IN FORMA PAUPERIS APPLICATION

On December 14, 2022, plaintiff filed an application to proceed in forma pauperis. ECF No. 13. The application, however, was not on the correct form. As a result, on December 23, 2022, the Clerk of Court was directed to send plaintiff the in forma pauperis application for non-prisoners. ECF No. 14.

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a) along with a new motion to proceed in forma pauperis that is on the proper form. ECF No. 16. Accordingly, the motion will be granted. The earlier motion docketed in December 2022 (ECF No. 13) will be disregarded as improperly filed.

II.   SCREENING REQUIREMENT

The court is required to screen complaints brought by individuals seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp.

Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

### III. FIRST AMENDED COMPLAINT

Plaintiff, a litigant formerly housed at Deuel Vocational Institute ("DVI"), has filed the instant FAC. ECF No. 6. It names several individuals as defendants, all of whom were employed at DVI during the period in question: Counselors L. Zaragoza, M. Pierre, and Esparza; Drs. Fields, Bhatt, Bawari, A. Bunn, and S. Katz, and Correctional Officers Estrada and Tovar. See generally id. at 1-3.

Plaintiff raises multiple claims in the three claims sections of the complaint. Claim One asserts putative claims based on poor living conditions in September 2020 and improper program placement in October 2020, along with several other claims related to excessive force, cruel and unusual punishment, denial of due process, retaliation, and failure to protect. See ECF No. 6 at 4-12. Claim Two alleges deliberate indifference in December 2020, related to defendants' prescription of medication that plaintiff did not want. Id. at 13. Claim Three alleges retaliation and cruel and unusual punishment arising from defendants' placement of plaintiff in an unsanitary cell in a COVID-19 ward in February 2021 in response to plaintiff's grievances. Id. at 14.

### IV. DISCUSSION

#### A. Claims for Which a Response Will Be Required

##### 1. Claim One: Excessive Force - Defendant Estrada

In Claim One, plaintiff alleges that in January 2021, defendant Estrada failed to properly process his legal mail and refused to provide plaintiff with various grievance forms when he asked for them. ECF No. 6 at 10. Estrada threatened to write plaintiff up, and words were exchanged between the two which, according to plaintiff, ended in Estrada punching plaintiff in the chest, leaving him in pain for weeks. Id. at 10-11. Plaintiff further asserts that the next day, after Estrada's sergeant asked to see him, he threatened plaintiff again, stating, "If I found out you put paperwork on me that punch is peanuts what I'll do to you." Id. at 11.

////

"In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not . . . use excessive physical force against prisoners." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citing Hudson v. McMillian, 503 U.S. 1 (1992)). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7 (brackets added) (referencing Whitley v. Albers, 475 U.S. 312 (1986)).

Under the circumstances alleged, there was no need for Estrada to punch plaintiff in order to maintain order or restore discipline. Accordingly, the allegations state a claim of excessive force against defendant Estrada.

### 2. Claim One: Excessive Force and Retaliation – Defendants Bawari and Tovar

In Claim One, plaintiff also alleges that in January 2021, defendants Bawari and Tovar came to plaintiff's cell in response to an incident that had occurred between plaintiff and a "Jane Doe"[1] a few days earlier.[2] ECF No. 6 at 11. Plaintiff states defendants were there to respond to his inquiry regarding the identity of the "Jane Doe" who had slapped him. Id.

Plaintiff alleges that during their conversation, Bawari told him she did not know the name of the person who had slapped him and that she was unable to find out. ECF No. 6 at 11. Thereafter, however, plaintiff states Bawari backed up and told defendant Tovar to "do something to [plaintiff]" because "he keeps putting in paperwork pissing me and everybody off." Id. at 11.

Plaintiff further alleges that two minutes later, Tovar entered plaintiff's cell alone and out of everyone's view and told him that he wanted to talk to him. ECF No. 6 at 11. Ultimately, Tovar is said to have told plaintiff to stop "putting in paperwork"; that he was "pissing everybody off," and that he was "gonna get hurt and not make it home." Id. at 12. In response, plaintiff states he told Tovar, "you don't tell me what to do." Id. Tovar then pushed plaintiff, causing him

---

[1] As stated below, it appears from the FAC that "Jane Doe" is defendant S. Katz. See ECF No. 6 at 3. If this is not the case, plaintiff must state as much in any amended complaint he may file.
[2] Although plaintiff does not identify the incident, based on the information in the pleading, the court presumes plaintiff is referring to the slap incident that occurred on January 5, 2021. Compare ECF No. 6 at 9-10 (plaintiff describing a slapping incident that occurred on January 5, 2021), with id. at 11 (plaintiff referencing "the incident on 1-5-21").

to hit his head on the top bunk. A scuffle ensued, during which Tovar purportedly put plaintiff in a chokehold (which cut off plaintiff's breathing for about a minute) and kicked him. Id. Then, as Tovar left the cell, he is alleged to have said to plaintiff, "I dare you to 602 me," and he refused to get medical care for plaintiff when he asked for it. Id. Plaintiff contends that both defendants are liable for defendant Tovar's actions. Id.

Clearly, Tovar putting plaintiff in a chokehold and kicking him because he insisted on filing 602 grievances did not constitute a good faith effort to maintain or restore discipline. See Hudson, 503 U.S. at 6-7. The allegations indicate that Tovar's actions were done to retaliate against plaintiff and to cause him harm. Furthermore, Bawari's request that Tovar "do something," to plaintiff supports her liability. See Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995) (stating failure to intervene can violate prisoner's Eighth Amendment rights). Therefore, both defendants will be directed to respond to these excessive force and retaliation claims.

### 3. Claim Three: Retaliation and Cruel and Unusual Punishment

In Claim Three, plaintiff alleges that in February 2021, defendant Estrada engaged in retaliation and subjected him to cruel and unusual punishment when Estrada intentionally had plaintiff relocated to a unit with inmates who had either had or were currently ill with the COVID-19 virus. ECF No. 6 at 14. He states that defendant Estrada did this because plaintiff had filed an excessive force grievance against him. Id. Plaintiff claims that after being moved there, he "immediately began feeling symptoms of coronavirus." He asserts that Estrada's actions "put [him] at a heightened risk of catching [it]." Id.

#### a. First Amendment Retaliation

"It is well-established that, among the rights they retain, prisoners have a First Amendment right to file prison grievances." Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009) (citing Rhodes v. Robinson, 408 F.3d 559, 566 (9th Cir. 2005); see generally Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003). "Retaliation against prisoners for their exercise of this right is itself a constitutional violation, and prohibited as a matter of 'clearly established law'."
////

Brodheim, 584 F.3d at 1269 (citing Rhodes, 408 F.3d at 566; Pratt v. Rowland, 65 F.3d 802, 806 & n.4 (9th Cir. 1995)).

Claim Three states a claim of retaliation against Estrada. It asserts that on February 6. 2021, defendant Estrada told plaintiff that he was "going to do everything he [could]" to have plaintiff placed in a unit with inmates who had tested positive for the coronavirus so that plaintiff could "catch it and get sick and die" because he wanted plaintiff out of H-Unit because he had filed an excessive force grievance against him. ECF No. 6 at 14. The next day, plaintiff asserts, he was transferred to F-Unit, which was used to house inmates who had previously had or who still had the virus. Id. In light of these facts, plaintiff may proceed on this First Amendment retaliation claim, and defendant Estrada will be required to respond to it.

### b. Eighth Amendment Cruel and Unusual Punishment

"The Eighth Amendment proscribes the infliction of cruel and unusual punishment on prisoners. Whether a particular event or condition in fact constitutes 'cruel and unusual punishment' is gauged against 'the evolving standards of decency that mark the progress of a maturing society.' " Schwenk v. Hartford, 204 F.3d 1187, 1196 (9th Cir. 2000) (quoting Hudson, 503 U.S. at 8). Only the unnecessary and wanton infliction of pain upon a prisoner constitutes cruel and unusual punishment forbidden by the Eighth Amendment. Whitley, 475 U.S. at 319.

To constitute cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety." Whitley, 475 U.S. at 319. Accordingly, "courts considering a prisoner's claim must ask: 1) if the officials acted with a sufficiently culpable state of mind; and 2) if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation." Somers v. Thurman, 109 F.3d 614, 622 (9th Cir. 1997) (citing Hudson, 503 U.S. at 8).

Defendant Estrada's alleged intentional and malicious placement of plaintiff in a unit that had been designated for inmates with COVID-19, for no reason other than plaintiff having filed a grievance against him, states a viable Eighth Amendment cruel and unusual punishment claim. Accordingly, defendant Estrada will be required to respond to Claim Three.

B. <u>Failure to State a Claim</u>

    1. <u>Claim One: Cruel and Unusual Punishment and Retaliation</u>

In Claim One, plaintiff alleges that when he arrived at DVI in September 2020, he was forced to live in squalid conditions. See generally ECF No. 6 at 4. In support of this allegation, he claims that he was placed in a unit with dirty cells, that it was cold, and that it had various bugs that bit him. Id. He further alleges that the sink and toilet did not work, that he was deprived of "basic life necessities," and that he was not given adequate programming. Id. In addition, plaintiff contends that he was treated harshly by staff officers, and that he was not given the forms needed to file grievances. Id. Finally, plaintiff contends that he was subjected to an "ongoing campaign of harassment, assaults, threats and deliberate retaliation," because he had engaged in "First Amendment constitutionally protected activities." Id.

To state a claim under Section 1983, a plaintiff must allege facts showing an actual connection or link between the actions of the named defendants and the alleged deprivations of his constitutional rights. See generally Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). "Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient." See Ivey v. Bd of Regents, 673 F.2d 266, 268 (9th Cir. 1982); Atayde v. Napa State Hospital, 255 F. Supp. 3d 978, (E.D. Cal. May 25, 2017) (citing Ivey).

As currently presented, plaintiff's cruel and unusual punishment and retaliation allegations fail to state claims upon which relief may be granted. Specifically, the FAC fails to identify any particular defendant who subjected plaintiff to the cell conditions. In addition, there is no indication that plaintiff made any of the named defendants aware of the cell conditions and that they failed to respond to the situation once they had been informed. Moreover, it is unclear in the FAC how long plaintiff was housed in the dirty cell. See generally ECF No. 6 at 4-12 (Claim One). For these reasons, the Eighth Amendment cruel and unusual punishment argument in Claim One is not cognizable.

The same can be said about plaintiff's assertion in Claim One that he was harassed, assaulted and experienced "deliberate retaliation for exercising his First Amendment

constitutionally protected activities." See ECF No. 6 at 4.  Plaintiff alleges that "staff officers" did not provide him with grievance forms.  Id.  Retaliation against a prisoner for filing a grievance violates his First Amendment rights.  Brodheim, 584 F.3d at 1269.  Plaintiff fails, however, to identify the responsible officers or state why he believes their inaction demonstrated a sufficiently culpable state of mind, i.e., retaliatory intent.  ECF No. 6 at 4.  Therefore, this retaliation claim is not cognizable.

### 2.   Claim One:  Denial of Due Process at Placement Hearing

In Claim One, plaintiff also alleges that his due process rights were violated when, at his classification hearing with the I.C.C. in October 2020, defendants Zaragoza and Pierre denied him his classification and crediting entitlements at after Zaragoza had told him that he was eligible for certain placements and credits.  ECF No. 6 at 4-5.  This, plaintiff argues, constituted "a clear violation of [his] state created due process liberty interest[s]."  Id. at 5.  He contends that the fact that the ruling was overturned on appeal is proof that this interest had been violated.  Id.

Plaintiff further argues that he was discriminated against in violation of his rights when one of the defendants told him that he was ineligible for a camp placement because of his mental health status.  ECF No. 6 at 5.  He also claims that in October 2020, Pierre threatened to reveal that he was "E.O.P." and was "programming on 50/50 yards" if his name was in any paperwork plaintiff filed about the I.C.C. hearing.  Id. at 5-6.  He argues that Pierre doing these things would make other inmates believe that he was a snitch and "S.N.Y."[3] and place him in danger.  Id. at 6. Finally, plaintiff asserts that Esparza violated his rights when she failed to correct the classification errors made at the I.C.C. and also told him that she could tell other officers to "fuck [him] up" if he filed paperwork with her name in it because she refused to change his custody classification.  Id. at 6-7.

This due process claim is without merit for several reasons.  First, plaintiff has no federal constitutional right to a particular classification status.  Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987).  Prisoner classifications and eligibility for rehabilitative programs do not

---

[3]  Although plaintiff does not state as much, the court believes that the letters "S.N.Y." may refer to the term "Special Needs Yard" or "Sensitive Needs Yard."

invoke due process protections in the federal system. Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Hernandez, 833 F.2d at 1318 (citing Moody); see Olim v. Wakinekona, 461 U.S. 238, 250-51 (1983) (stating if prison officials may transfer inmates for no reason, it follows that there is no interest for due process to protect). Accordingly, the facts that Zaragoza and Pierre did not transfer plaintiff to a camp, did not give plaintiff a Level I classification, and did not place him in the workgroup he wanted during the I.C.C. hearing (see ECF No. 6 at 5), do not support relief.

Additionally, the facts that Esparza did not correct the I.C.C.'s classification errors on appeal, and that she allegedly threatened to have plaintiff harmed if her name was in the paperwork he filed to appeal the initial classification decision (see ECF No. 6 at 6-7), do not support a claim. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (stating alleged loss of a liberty interest during the processing of his appeals is without merit because inmates have no constitutional right to specific grievance procedures); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (citation omitted) ("There is no legitimate claim of entitlement to a grievance procedure."). For these reasons, plaintiff's due process arguments related to his classification status and related appeals fail to state claims upon which relief may be granted.

### 3. Claim One: Retaliation, Excessive Force and Failure to Protect

Claim One includes allegations that in January 2021, defendant S. Katz,[4] a "senior psych supervisor," at DVI, interviewed plaintiff in the presence of defendant Bunn in response to appeals plaintiff had filed regarding his removal from a prison mental health program. ECF No. 6 at 9. He states that during the interview, Katz told him that if he continued to file appeals, she was going to write him up. In response, plaintiff stated to her – and appears to indirectly argue here – that Katz's threat violated his First Amendment right to be free from retaliation. Id. at 9.

Plaintiff further alleges that in response to Katz's threat to write him up, he told her that he would "file a 602 and a lawsuit" if she did. ECF No. 6 at 9. Defendant Katz reportedly then told plaintiff that he could do what he wanted, and that if plaintiff continued to make threats, she

---

[4] In the FAC, plaintiff states that one defendant identified as "Jane Doe" is in fact defendant "Dr. S. Katz, Sr. Psych Supervisor." ECF No. 6 at 3. Despite this fact, throughout the FAC, plaintiff still refers to defendant Katz as "Jane Doe." See id. at 9-11.

would slap him. Id. At that point, plaintiff dared defendant Katz to slap him, which she did. Id.

Plaintiff claims that because of Katz's slap, he was "placed in a state of fear," and he saw the slap as "a threat on his safety and security." ECF No. 6 at 9. He further argues that defendant Bunn is also liable for not protecting him because he was there and could have stopped defendant Katz. He further contends that defendant Bunn is liable because he failed to report defendant Katz's actions to the proper prison officials. Id. at 10.

### a. First Amendment Retaliation

Although retaliation for filing grievances violates the First Amendment, Brodheim, 584 F.3d at 1269, plaintiff does not identify any retaliatory action actually taken by Katz. The alleged threat to take adverse action does not support a retaliation claim.

### b. Eighth Amendment Excessive Force and Failure to Protect

The putative excessive force claim against Katz is based on a single slap. It is well settled that "[n]ot every push or shove, even if it may later seem unnecessary" violates the Constitution. Graham v. Connor, 490 U.S. 386, 396 (1989); Payan v. County of Los Angeles, No. 2:14-CV-07360 SVW JEM, 2015 WL 9694810, at *1 (C.D. Cal. Mar. 11, 2015) (quoting Graham); Hudson, 503 U.S. at 6-7, 9-10 (stating de minimis use of force does not violate Eighth Amendment unless it is a sort repugnant to the conscience); Anthony v. Schackmann, 402 F. App'x 207, 208 (9th Cir 2010); see, e.g., Brinkman v. Ryan, No. CV-15-02027 PHX ROS, 2018 WL 9918129, at *2 (D. Ariz. Sept. 18, 2018) (instance when defendant slapped or pushed plaintiff's hand away from property cart did not amount to excessive force).

To succeed on a failure to protect claim, an inmate must show that he was incarcerated under conditions that posed a substantial risk of serious harm and that a prison official was deliberately indifferent to that risk. See Farmer, 511 U.S. at 834, 837. Only the unnecessary and wanton infliction of pain implicates the Eighth Amendment. Wilson v. Seiter, 501 U.S. 294, 297 (1991).

Katz's single slap of plaintiff, though unwarranted, does not constitute excessive force. Moreover, the fact that plaintiff dared her to slap him contradicts his claim that the slap put him in "imminent danger or serious physical injury" or in a "state of fear." ECF No. 6 at 9-10. It also

supports a finding that the slap plaintiff encouraged was not repugnant to the conscience. If excessive force was not used, plaintiff's failure to protect from such alleged use of force also fails.

Furthermore, to the extent plaintiff is attempting to argue that defendant Bunn's failure to protect plaintiff and report the incident violated a "state created due process liberty interest" (ECF No. 6 at 10), plaintiff fails to identify law or regulations in support of this assertion. Alternatively, if plaintiff intended to assert that state or prison rules were violated, such violations fall outside the purview of this court. Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) (stating petitioner may not transform state law issue into federal one merely by asserting violation of due process). Accordingly, any claims against Katz and Bunn based on these events are not actionable.

### 4. Claim Two: Deliberate Indifference to Serious Medical Need

In Claim Two, plaintiff appears to attempt to argue that his Eighth Amendment rights[5] were violated when defendant Fields, a "medication psych doctor" (ECF No. 6 at 2), prescribed him medication that ultimately prevented him from receiving a camp placement classification. Id. at 13. He also claims that Fields violated his rights because Fields failed to explain paperwork to plaintiff before he signed it. Id. Plaintiff alleges that he told Fields why he wanted to stop taking certain medications, and that Fields assured him that the ones plaintiff was taking would not prevent him from receiving a camp placement. Id. Plaintiff further alleges that at that time, Fields also agreed to adjust his medication schedule as it related to when and how plaintiff would receive it. Id.

Inmates have a substantive liberty interest in avoiding the unwanted administration of involuntary medication. Washington v. Harper, 494 U.S. 210, 221 (1990). This includes the right to be provided all the information necessary to intelligently make that decision. Benson v. Terhune, 304 F.3d 874, 884 (9th Cir. 2002); White v. Napoleon, 897 F.2d 103, 113 (3d Cir.

---

[5] Plaintiff also states that his First Amendment rights were violated in Claim Two. See ECF No. 6 at 13. However, no facts or allegations are provided in support of a First Amendment claim. See id.

11

1990). However, a viable claim of Eighth Amendment deliberate indifference to serious medical need requires an act or omission done with a sufficiently culpable state of mind. See Farmer, 511 U.S. at 834. An inadvertent failure to provide adequate medical care does not, by itself, state a deliberate indifference claim for Section 1983 purposes. McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133 (1997); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Estelle v. Gamble, 429 U.S. 97, 106 (1976) (stating complaint alleging negligence in diagnosing or treating medical condition does not state valid Eighth Amendment medical mistreatment claim).

Because inmates do not have a right to a specific classification status, plaintiff cannot base a claim on the provision of medication that prevented him from being assigned a camp classification. To the extent plaintiff is attempting to allege that his Eighth Amendment rights were violated by Fields (1) prescribing medication for plaintiff that he did not want to take and was unaware that he was taking, and (2) failing to explain to plaintiff what he signed off on related to those medications (see ECF No. 6 at 13), he fails to state a claim because the allegations do not demonstrate that Fields acted with a deliberately indifferent state of mind..

Plaintiff does assert in conclusory terms that Fields acted intentionally as part of a conspiracy with other defendants to keep him in prison and prevent him from being released to a camp setting (see ECF No. 6 at 13). However, plaintiff has provided no plausible facts to support such a serious allegation. On the contrary, the facts plaintiff has presented belie any intentional or malicious intent on Fields' part. Specifically, plaintiff states that Fields assured him that his medications would *not* interfere with his placement and that he agreed to adjust plaintiff's medication regimen accordingly. See id. For these reasons, plaintiff is unable to proceed on Claim Two.

V. MOTION TO PARTICIPATE IN ADR PROGRAM

Plaintiff has also filed a motion to participate in the court's ADR Program. ECF No. 15. Because no defendants have yet been served, the motion will be denied as premature.

VI. OPTIONAL LEAVE TO AMEND

Plaintiff may be able to allege additional facts to remedy the deficiencies of his Eighth

Amendment claim regarding the prison conditions he encountered upon his arrival at DVI in September 2020 and any related First Amendment retaliation stemming from those conditions. Therefore, he will be given the opportunity to amend the complaint.

It does not appear to the undersigned that the other claims identified above as defective can be cured by amendment. If plaintiff chooses to reassert those claims in an amended complaint, the undersigned will recommend their dismissal.

Plaintiff has a choice to make. He may either attempt to amend the complaint *or* he may proceed forthwith against defendants Estrada, Tovar and Bawari only, on the claims that have been found sufficient to proceed. A choice to proceed on those claims will involve voluntarily dismissing all other putative claims.

If he chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must identify each defendant by name and with specificity as well as allege in specific terms how each one is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. See Arnold, 637 F.2d at 1355; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey, 673 F.2d at 268 (citations omitted) (brackets added).

At the same time, however, the federal rules contemplate brevity. **Specifically, the amended complaint should contain a "short and plain statement of the claim showing that the pleader is entitled to relief."** Fed. R. Civ. P. 8(a)(2); see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."). **A rambling complaint like the instant one which does not clearly separate and distinguish the claims therein will not be considered.** See, e.g., McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of Section 1983 complaint for violation of Rule 8 after warning).

////

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint, the previous complaints no longer serve any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## VII. PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR A PRO SE LITIGANT

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

Some of the allegations in the complaint state claims against the defendants and some do not. The facts alleged in Claim One of your first amended complaint state an excessive force claim against defendant Estrada for punching you in January 2021, and against defendants Tovar and Bawari for retaliation and excessive force in January 2021. The facts alleged in Claim Three support a claim against defendant Estrada for retaliation and cruel and unusual punishment, based on your deliberate transfer to a unit full of active Covid cases. None of your other allegations state claims for relief against any defendants.

**You have a choice to make**. You may **either** (1) proceed immediately on the claims against Estrada, Tovar and Bawari that are specified in the previous paragraph, and voluntarily dismiss all other claims and defendants, **or** (2) try to amend the complaint. If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice all claims and defendants other than those specified here. If you choose to amend your complaint, the amended complaint must include all of the claims you want to make, including the ones that have already been found to state a claim, because the court will not look at the claims or information in the original complaint. **Any claims not in the amended complaint will not be**

**considered.** You must complete the attached notification showing what you want to do and return it to the court. Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for defendants to be served).

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis by a prisoner, filed December 14, 2022 (ECF No. 13), is DISREGARDED as improperly filed;

2. Plaintiff's motion to proceed in forma pauperis without prepaying fees or costs, filed January 6, 2023 (ECF No. 16), is GRANTED;

3. Plaintiff's first amended complaint states the following claims against the following defendants, all of whom were employees at the Deuel Vocational Institution during the periods in question:

- Correctional Officer Estrada: Eighth Amendment excessive force (Claim One) and cruel and unusual punishment and First Amendment retaliation (Claim Three);
- Correctional Officer Tovar: Eighth Amendment excessive force and First Amendment retaliation (Claim One); and
- "Psych Clinician" Bawari: Eighth Amendment excessive force and First Amendment retaliation (Claim One).

All other putative claims fail to state claims upon which relief may be granted;

4. Plaintiff's request to participate in the court's Alternative Dispute Resolution Program (ECF No. 15) is DENIED as premature; and

5. Within fourteen days from the date of this order, plaintiff shall file the attached notice on how to proceed informing the court whether he would like to proceed on the viable claims raised as identified herein or amend the complaint.

DATED: January 30, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>    Plaintiff,<br><br> v.<br><br>L. ZARAGOZA, et al.,<br><br>    Defendants. | No. 2:21-cv-0153 TLN AC P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

<u>CHECK ONE</u>:

_____ Plaintiff would like to proceed immediately on his cognizable Eighth and First Amendment claims against defendants Estrada, Tovar, and Barawi as identified in the court's screening order. Plaintiff understands that by choosing to go forward without amending the complaint, he is voluntarily dismissing all other claims against all other defendants pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

_____ Plaintiff would like to amend the complaint.

DATED: _____

                LANCE WILLIAMS
                Plaintiff Pro Se