UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS, | No. 2:21-cv-0153 DJC AC P |
| Plaintiff, | |
| v. | ORDER |
| L. ZARAGOZA, et al., | |
| Defendants. | |

Plaintiff, a former state prisoner proceeding pro se, has filed a motion to compel (ECF No. 41) which defendant opposes (ECF No. 42).

I.   Plaintiff's Allegations

Plaintiff alleges that defendant Estrada violated his rights under the First and Eighth Amendments when Estrada punched plaintiff in the chest for no reason and later retaliated against plaintiff for filing a grievance about the use of force by having plaintiff relocated to a unit with inmates who either previously had or were currently ill with the COVID-19 virus. ECF No. 6 at 10-11, 14. Defendants Tovar and Bawari are alleged to have violated plaintiff's rights under the First and Eighth Amendments when Bawari told Tovar to "do something" to plaintiff for filing grievances and Tovar responded by putting plaintiff in a chokehold and kicking him. Id. at 11-12.

II.   Legal Standard for Discovery

The scope of discovery under Federal Rule of Civil Procedure 26(b)(1) is broad.

1

Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id. The court, however, must limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" if the party who seeks discovery "has had ample opportunity to obtain the information by discovery;" or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). The purpose of discovery is to "make a trial less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent," United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958) (citation omitted), and "to narrow and clarify the basic issues between the parties," Hickman v. Taylor, 329 U.S. 495, 501 (1947).

Under Federal Rule of Civil Procedure 37, a motion to compel may be made if "a party fails to produce documents or fails to respond that inspection will be permitted . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). The party seeking to compel discovery has the burden of showing that the discovery sought is relevant or that its denial will cause substantial prejudice. Aros v. Fansler, 548 F. App'x 500, 501 (9th Cir. 2013) (citing Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002)). The opposing party is "required to carry a heavy burden of showing why discovery was denied." Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).

III. Discussion

   A. Requests for Production

Plaintiff seeks to compel responses to his first request for production. ECF No. 41 at 1. The six-part request asks defendants to

> [p]rovide all 602 appeal grievances against or named in, all staff complaints against or named in, al [sic] citizen complaints against or named in all CDCR 22 forms against or named in, any lawsuits against or named in, any military misconduct against or named in that's in personnel files for defendants specifically for charges that they are charged with in this action,

      1. EXCESSIVE FORCE for Officers Estrada, Tovar, Bawari

      2. MEDICAL DELIBERATE INDIFFERENCE CLAIMS all Officers

      3. RETALIATION for Officers Estrada, Tovart [sic], Bawari

      4. FALSIFYING REPORTS I.E. MEDICAL for Bawari

      5. ACTS OF DISHONESTY all officers

      6. CRUEL AND UNUSUAL PUNISHMENT for Estrada.

Id. at 3. Defendants did not produce any documents in response to the request and raised the following objections:

> Defendants object to this request because it seeks documents that are not relevant or proportional to any claim or defense in this action, and is overbroad and exceedingly burdensome since it seeks documents unrelated to the issues in this case. Defendants further object to this request on the grounds that it is vague, ambiguous, and compound, and requires Defendant to speculate as to the full meaning of the request. Defendant also objects to this request to the extent it violates the privacy rights of inmates not parties to the instant action and the privacy rights of Defendants, and violates the official information privilege.

Id. at 11.

    In opposing the motion to compel, defendants argue that plaintiff has not sufficiently described the inadequacy of their response. ECF No. 42 at 2. However, plaintiff argues that defendants failed to produce any responsive documents, and his request for production pre-emptively addressed the majority of objections raised by defendants. ECF No. 41 at 1, 3-4. Considering the leeway granted to pro se litigants, the court finds that plaintiff has sufficiently articulated why defendants' response was insufficient.

    The court finds that the objections on grounds of relevance to subparts 2, 4, and 5 are well taken. Plaintiff is not pursuing claims for deliberate indifference to medical needs, falsification of records, or acts of dishonesty, and the requests are therefore not sufficiently related to the issues presented to the court in this case. The motion as to these subparts will therefore be denied. However, with respect to subparts 1, 3, and 6, while the court agrees that the requests are not relevant to the extent they are overbroad, defendants will be required to provide supplemental

responses to these requests, as narrowed by the court below.

Plaintiff has brought excessive force and retaliation claims against all three defendants in this case, making complaints and grievances based upon excessive force and retaliation relevant. The scope of subparts 1 and 3 will therefore be appropriately narrowed to allegations of excessive force and retaliation against inmates. Estrada and Tovar will be required to produce copies of any staff complaints, inmate grievances, disciplinary actions, and operative complaints in lawsuits, of which they are aware,[1] that deal with allegations against defendants for (1) excessive force against inmates or (2) retaliating against inmates for filing grievances or complaints. Bawari will be required to produce copies of the same types of documents alleging that she either (1) directed others to utilize excessive force on an inmate or (2) retaliated against inmates for filing grievances or complaints. As to subpart 6, Estrada will be required to produce copies of similar documentation involving allegations that he deliberately arranged adverse housing placement.

The documents may be redacted as necessary for security purposes and to exclude any sensitive information not related to defendants' excessive force. This includes the redaction of other inmates' identifying information, which the court recognizes may go beyond inmate name and number. If safety, security, or privacy concerns remain even after redaction, defendants may move for a protective order.[2] If no responsive documents exist, defendants shall update their responses accordingly.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 41) is GRANTED to the extent that defendants

---

[1] Defendants are considered to be aware of any such documentation contained within their personnel files.

[2] Although assertion of the official information privilege requires submission of a privilege log, Fed. R. Civ. P. 26(b)(5)(A)(ii), and a declaration addressing several factors, including that a designated official has reviewed the material in question, Soto v. City of Concord, 162 F.R.D. 603, 613 (N.D. Cal. 1995), because plaintiff's requests were overly broad, it would be unreasonable to require defendants to have produced a privilege log and an official information declaration addressing all of the responsive documents in their initial response to the request. Prior to producing the documents, defendants are permitted to seek a protective order, if necessary, that provides the necessary privilege log and declaration with respect to any documents responsive to the request, as defined by this order.

must provide supplemental responses to Request for Production No. 1, subparts 1, 3, and 6, as set forth above.  The motion is otherwise DENIED.

  2.  Supplemental responses shall be provided within thirty days of the service of this order;

  3.  Within thirty days of the service of this order, defendants may move for a protective order with respect to any sensitive documents, as provided above; and

  4.  Within forty-five days of the service of this order, plaintiff may file any necessary motion for sanctions if defendants fail to comply with this order.

DATED: October 8, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE